23 F.3d 404
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robby RUSSELL, Defendant-Appellant.
 No. 92-5119.
 United States Court of Appeals, Fourth Circuit.
 Submitted: June 17, 1993.
Decided: May 9, 1994.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., District Judge. (CR-91-89).
 Norwood Bentley, III, Bowles, Rice, McDavid, Graff & Love, Martinsburg, WV, for appellant.
 William A. Kolibash, U.S. Atty., Sam G. Nazzaro, Asst. U.S. Atty., Wheeling, WV, for appellee.
 N.D.W.Va.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Robby Russell was convicted of two counts of possession with intent to distribute cocaine in violation of 21 U.S.C.A. Sec. 841(a)(1) (West Supp.1992), and one count of carrying a firearm in the commission of a drug offense in violation of 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1992). He appeals his conviction. Russell's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738, 744 (1967), raising two issues but stating that, in his view, there are no meritorious issues for appeal.
 
 
 2
 Russell's counsel raised the issue of whether Russell's Fourth Amendment rights were violated by the introduction at trial of a gun, a baggie of drugs, a large amount of cash, ammunition, a pager, and a plastic container containing crack found in a search of Russell's car. Counsel acknowledges in his brief that no objection was made in district court to the admission of this evidence; hence, this claim is not properly before this court for review. See United States v. Maxton, 940 F.2d 103, 105 (4th Cir.), cert. denied, 60 U.S.L.W. 3343 (U.S.1991) (it is well settled that appellate courts will not review claims not raised in district court except in exceptional circumstances).
 
 
 3
 To the extent that Russell makes an argument under the plain error doctrine, his claim is meritless. The police officers had reason to suspect that Russell participated in a random shooting in the parking lot of a bar because the security guard for the bar identified him as being involved. See Terry v. Ohio, 392 U.S. 1, 20-22 (1968). Moreover, Russell refused to cooperate with the police officer by failing to lower his tinted car windows sufficiently and refusing to place his hands where the officer could see them. Thus, the officer was justified in suspecting Russell of being dangerous, and a search of the car was proper. Michigan v. Long, 463 U.S. 1032, 1047 (1983). The gun, and the baggie of drugs were in plain view in the car--justifying the arrest of Russell and his passenger. Further, the search of the passenger compartment of the vehicle and any containers therein was appropriate as a search incident to arrest. New York v. Belton, 453 U.S. 454, 460 (1981). Hence, there was no violation of Russell's Fourth Amendment rights, and the introduction of the evidence was proper.
 
 
 4
 Russell's attorney's second argument is that he was ineffective for failing to file a motion to suppress the evidence. However, ineffective assistance claims are more appropriately raised in a collateral attack on the conviction and not on direct appeal. United States v. DeFusco, 949 F.2d 114, 120 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). Consequently, this claim is more appropriately raised in another action.
 
 
 5
 In accordance with the requirements of Anders, supra, we have examined the entire record in this case and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. Sec. 3006A (1988), we require that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If required by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 6
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.