30 F.3d 132
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Patricia PATTERSON, Defendant-Appellant.
 No. 93-5762.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 26, 1994.
Decided: July 29, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Greenville. William B. Traxler, Jr., District Judge. (CR-93-156-1)
 Janis Richardson Hall, Greenville, South Carolina, for Appellant. William Corley Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN, NIEMEYER, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 A jury convicted Patricia Patterson on one count of bank robbery, 18 U.S.C.A. Sec. 2113(a) (West Supp.1994), and the court sentenced her to fifty-seven months in prison. She appeals her conviction. Patterson's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but indicating that, in her view, there are no meritorious issues for appeal. Patterson has been notified of her right to file a supplementary pro se brief, but has not exercised her right in this regard.
 
 
 2
 Patterson claims that the district court erred by denying her motion for judgment of acquittal. This Court reviews denial of a motion for acquittal under a sufficiency of the evidence standard. United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992). "To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993); see also Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 3
 Patterson complains that the jury failed to weigh sufficiently the testimony of her alibi witnesses who testified that she was at home at the time of the bank robbery. However, the credibility of witnesses is within the sole province of the fact finder and is generally unreviewable on appeal. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989); but cf. Breeden v. Weinberger, 493 F.2d 1002, 1010 (4th Cir.1974). She also argues that the evidence was insufficient to support her conviction because the teller who was robbed was unable to identify Patterson as the bank robber. However, another bank teller positively identified Patterson as the robber, as did a police officer who viewed the videotape of the robbery and saw Patterson later that evening. Furthermore, the robber was wearing sunglasses even though it was raining and fled the bank with twenty $100 bills wrapped in a money strap; the government presented evidence that Patterson, who was unemployed, had eight $100 bills on her person when she was detained by the police on the evening of the robbery and also had in her possession a $2000 money strap and sunglasses. Viewing the evidence in the light most favorable to the government, a rational fact finder could have found beyond a reasonable doubt that Patterson was the robber.
 
 
 4
 When Patterson's counsel cross-examined the police officer who identified her as the robber, the officer mentioned that another policeman who was assisting him on the bank robbery investigation also was handling "the fraudulent check." Patterson made no objection to this testimony during the trial, but on appeal she contends that this statement deprived her of a fair trial.
 
 
 5
 " 'The rule is well settled that only in exceptional cases will questions, of whatever nature, not raised and properly preserved for review in the trial court, be noted on appeal.' " United States v. Maxton, 940 F.2d 103, 105 (4th Cir.) (quoting Hutchinson v. Fidelity Inv. Ass'n, 106 F.2d 431, 436 (4th Cir.1939)), cert. denied, 60 U.S.L.W. 3343 (U.S.1991). Under Fed.R.Crim.P. 52(b), "plain errors ... affecting substantial rights may be noticed although they were not brought to the attention of the court." To reverse for plain error, the appellate court must find an error, the error must be clear or obvious, the error must affect substantial rights, and the error must seriously "affect the fairness, integrity or public reputation of judicial proceedings." United States v. Olano, 61 U.S.L.W. 4421, 4423-24 (U.S.1993).
 
 
 6
 In this case, even if mentioning a fraudulent check during Patterson's trial was an error, it had no impact on the outcome. The officer did not expressly state that Patterson was charged with issuing a fraudulent check. To the extent that the jury could infer that Patterson had been charged with such an offense, however, it did not affect the outcome of her case because there was substantial testimony and physical evidence linking her to the bank robbery. Consequently, we find no plain error.
 
 
 7
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. Sec. 3006A (West 1985 & Supp.1994)), this Court requires that counsel inform her client, in writing, of her right to petition the Supreme Court for further review. If requested by her client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 8
 We affirm Patterson's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.