46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Ramona Lynn WYATT, a/k/a Mona, Defendant-Appellant.
UNITED STATES Of America, Plaintiff-Appellee,
v.
Johnnie S. MORGAN, a/k/a Shorty, Defendant-Appellant.
 Nos. 94-5151, 94-5158.
 United States Court of Appeals, Fourth Circuit.
 Submitted: December 20, 1994.
Decided: January 13, 1995.
 
 H. Gerard Kelley, Sr., SHUMAN, ANNAND & POE, Charleston, W VA., Michael R. Cline, Charleston, WV, for Appellants. Rebecca A. Betts, United States Attorney, Michael O. Callaghan, Assistant United States Attorney, Charleston, W VA, for Appellee.
 Before HAMILTON, LUTTIG, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ramona Lynn Wyatt and Johnnie S. Morgan each pled guilty to possession of more than five grams of crack cocaine, 21 U.S.C.A. Sec. 844(a) (West Supp.1994), and each received a sentence of eightyseven months. Wyatt and Morgan argue that the district court erred in denying them leave to withdraw their guilty pleas on the basis of outrageous government conduct, and in denying them a downward departure based on sentencing manipulation. They further contend that guideline section 2D2.1(b)* is unconstitutional because it creates an irrebuttable presumption that possession of more than five grams of crack indicates an intent to distribute. We affirm in part and dismiss in part.
 
 
 2
 Between April and June 1993, Wyatt and Morgan spent approximately $43,000 of Wyatt's money on small purchases of crack which they smoked together. Wyatt had a live-in babysitter to care for her three small children. The babysitter, Brenda Sajid, was arrested on drug charges in April 1993 and began cooperating with authorities. With Sajid acting as a go-between, Wyatt and Morgan arranged to buy four ounces of crack for $3600 from state narcotics agents. Negotiations went on for several days in late June and early July. Before they were completed, Morgan attempted to buy a half-ounce of crack from one of the agents for $700 on July 2. The agent, contacted at midnight by Morgan, refused to make the sale. Immediately following their purchase of four ounces on July 8, 1993, Wyatt and Morgan were arrested.
 
 
 3
 Following preparation of their presentence reports, both Wyatt and Morgan moved to withdraw their guilty pleas because of outrageous government conduct or, alternatively, for a downward departure on that ground. They alleged that the state agents used their known addiction to inflate the offense level by offering to sell them a larger amount of crack than they had ever before purchased.
 
 
 4
 Morgan also objected to the computation of his offense level. He argued that only the half-ounce he attempted to buy should be used to calculate his offense level. Morgan argued that he and Wyatt were ensnared into buying a larger amount by Sajid and the agents.
 
 
 5
 The district court conducted two hearings to resolve the issues. It heard testimony from Wyatt, Morgan, Sajid, and Sajid's attorney, and reviewed the taped conversations between the agents and Wyatt and Morgan leading up to the four-ounce sale on July 8. The district court then determined that the government's conduct was not outrageous because Wyatt and Morgan, rather than the government, had determined the quantities they wished to purchase. It noted that Wyatt and Morgan admitted previously spending up to $5000 on crack in a single day by making multiple small purchases. The court therefore denied the motions to withdraw the plea agreements and refused to depart downward.
 
 
 6
 Government conduct may violate due process and prevent prosecution of a defendant who is predisposed to commit the crime, if the conduct is truly egregious. Hampton v. United States, 425 U.S. 484, 492-93 (1976) (Powell, J., concurring); United States v. Jones, 18 F.3d 1145, 1154 (4th Cir.1994). However, the only such claim with a chance of success is one which alleges a violation of a specific constitutional guarantee. Jones, 18 F.3d at 1154.
 
 
 7
 Wyatt and Morgan do not make the particular showing required. Relying on United States v. Harris, 997 F.2d 812 (10th Cir.1993), they contend that the state agents passed up opportunities to arrest them with small amounts of crack and exploited their addiction to induce them to make a large purchase. In Harris, the Tenth Circuit identified three ways in which the conduct of government agents might be sufficiently outrageous to violate due process: (1) excessive government involvement in the creation of the crime, (2) significant government coercion to induce the crime, and (3) multiple drug transactions with a known addict for the primary purpose of stacking the charges. Harris, 997 F.2d at 816-18. Wyatt and Morgan argue that, although the government agents engaged in only one transaction with them, the agents' conduct was designed to produce a stiff charge and a long sentence, and thus violated due process.
 
 
 8
 As the district court found, it is clear from their recorded conversations with the agents as well as their past conduct that Wyatt and Morgan were anxious, not reluctant, to buy multi-ounce quantities of crack. Previously, they had purchased a significant amount of crack in small but frequent purchases and paid for (but not received) four ounces on one occasion. They had made small purchases only because they lacked a source who could sell them larger amounts. Wyatt stated at her guilty plea hearing that she jumped at the chance to buy a large quantity because she was tired of having to go out so often to buy more crack.
 
 
 9
 The government was under no obligation to limit Wyatt's and Morgan's exposure by offering them only a small amount of crack. In the circumstances, we find that the government's conduct was not outrageous. Therefore, the district court did not err in denying Wyatt and Morgan leave to withdraw their guilty pleas on this ground. The district court's decision not to depart on the basis of sentencing manipulation is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 10
 Finally, Wyatt and Morgan maintain that guideline section 2D2.1(b) creates an irrebuttable presumption that a defendant in possession of more than five grams of crack intends to distribute it. Because they did not raise this issue in the district court, it is reviewed for plain error. United States v. Maxton, 940 F.2d 103, 105 (4th Cir.), cert. denied, 60 U.S.L.W. 3343 (U.S.1991). We do not find that the cross-reference to section 2D1.1 creates a presumption of distribution. Instead, section 2D2.1(b) implements the Congressional decision, as evidenced in 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994) and Sec. 844(a), to impose the same sentence for possession of more than five grams of crack as for distribution of more than five grams of crack. The district court plainly did not err in failing to find, sua sponte, that section 2D2.1 is unconstitutional.
 
 
 11
 We therefore affirm the district court's denial of the Appellants' motions to withdraw their guilty pleas, and we affirm the sentences imposed. The portion of the appeal which contests the district court's decision not to depart is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART, DISMISSED IN PART
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1993)