46 F.3d 1129
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John David TIBBS, Defendant-Appellant.
 No. 93-5458.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 7, 1994.
Decided Feb. 1, 1995.
 
 Louis Dene, Dene & Dene, Abingdon, VA, for appellant. Julie Marie Campbell, Asst. U.S. Atty., Abingdon, VA, for appellee.
 Before WIDENER, MURNAGHAN, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John David Tibbs was resentenced after his successful 28 U.S.C. Sec. 2255 (1988) motion, for his jury trial conviction of a violation of 18 U.S.C. Sec. 922(g) (1988). Tibbs noted a timely appeal and his attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Tibbs did not file a supplemental brief despite being informed of his right to do so. The formal brief raised only the issue of whether the district court properly applied the applicable statute and the sentencing guidelines. In addition, counsel noted that the judge was not required to recuse himself for resentencing.
 
 
 2
 In this case there was no contemporaneous objection to the application of the guidelines at sentencing. However, incorrect application of the guidelines which amounts to plain error may be reviewed for the first time on appeal. See United States v. Maxton, 940 F.2d 103 (4th Cir.), cert. denied, 60 U.S.L.W. 3343 (U.S.1991). Even assuming that there was error in the presentence report,* the district court correctly applied the enhancement statute in this case. 18 U.S.C. Sec. 924(e)(1) (1988).
 
 
 3
 Section 924(e)(1) mandates a minimum sentence of fifteen years for defendants with three previous violent felony convictions who are in possession of a firearm. Tibbs was convicted of a violation of Sec. 922(g); he was a felon in possession of a firearm. His presentence report is rife with previous violent felonies and there is some evidence in the record that Tibbs stipulated to the commission of three violent felonies. Accordingly, 18 U.S.C. Sec. 924(e)(1) was applicable to Tibbs. If the application of the guidelines results in a sentence below the minimum sentence required by statute, the statutory minimum shall be the guideline sentence. U.S.S.G. Sec. 5G1.1(b). The fifteen year minimum is greater than the guidelines range found in the presentence report at an offense level of twelve and a criminal history category of VI which yields thirty to thirty-seven months. The statute should have been and was applied. There was no error in sentencing.
 
 
 4
 Accordingly, we affirm Tibbs's sentence. As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no nonfrivolous grounds for this appeal. This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The report apparently applied the 1989 edition of the guidelines. Compare U.S.S.G. Sec. 2K2.1. (a) with Presentence Report at 5. Further, the report underestimates Tibbs's criminal history score. See R. vol. 4 at 6-13. The second error is certainly harmless. Not only is the error in Tibbs's favor, any greater criminal history score results in criminal history category VI as well