7 F.3d 226
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
T. Carolyn ATKINS, Defendant-Appellant.
 No. 93-5170.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 18, 1993.
Decided: September 16, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Norwood Carlton Tilley, Jr., District Judge. (CR-92-175)
 Charles Henry Harp, II, Hedrick, Harp & Michael, Lexington, North Carolina, for Appellant.
 Benjamin H. White, Jr., United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before MURNAGHAN and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 T. Carolyn Atkins appeals from her three-count conviction for theft of mail matter entrusted to her as a postal employee, in violation of 18 U.S.C. § 1709 (1988). Finding no error, we affirm.
 
 
 2
 Atkins was employed as a city carrier for the United States Postal Service in High Point, North Carolina. In April 1992, after receiving complaints of undelivered mail on Atkins' route, postal inspectors placed three test letters-two greeting cards and a rebate envelope, each containing currency and addressed to fictitious addresses-in the mail for Atkins' route. Despite normal procedure requiring the endorsement and return of such mail to the postal office as undeliverable, Atkins returned only the test letter that was not a greeting card.
 
 
 3
 Officials repeated this procedure in May 1992, with three greeting cards containing a total of thirty-five dollars. These three cards form the basis for the three-count indictment subsequently lodged against Atkins. Postal inspectors recorded the serial numbers on the currency and placed a radio transmitter, designed to activate when the money was removed, in one of the cards. The inspectors stopped Atkins when the radio transmitter was activated. A search of Atkins' vehicle revealed that all three test letters had been opened and the money removed. Moreover, when approached, an inspector observed Atkins trying to hide an open package, which was not addressed to anyone on Atkins' route and was subsequently determined to contain jewelry. When asked to empty her pockets, Atkins attempted to transfer from her pants pocket to her jacket a wad of currency, which officials seized and determined to match the previously recorded serial numbers and to be in the same sequence as when first placed in the cards.
 
 
 4
 Atkins' first argument, that the district court erred in its determination that the Government had provided reasonable notice of its intent to proffer the April test letters as extrinsic evidence under Fed. R. Evid. 404(b),* is without merit. Because Atkins made no pretrial request for any extrinsic evidence, Rule 404(b)'s reasonable notice provision was never triggered, thereby relieving the Government of any mandatory obligation to provide such notice. Fed. R. Evid. 404(b) (reasonable pretrial notice of extrinsic evidence required only "upon request by the accused."). Moreover, we find the Government's voluntary placement of all information concerning the April test letters in its open file before trial and its direct notice to defense counsel before trial of the addition of that information to the file constituted reasonable notice under the circumstances of this case. See Fed. R. Evid. 404(b), Notes of Advisory Committee, 1991 Amendment.
 
 
 5
 Atkins next contends that the admission into evidence of the April test letters and the open package found in Atkins' possession was unduly prejudicial under Fed. R. Evid. 403. Given the similarity of events between the nondelivery of the April test letters and the taking of the May letters, see United States v. Brownlee, 937 F.2d 1248, 1255 (7th Cir. 1991), and the relevance of the open package to the issues of Atkins' intent to misappropriate mail and knowledge of the illegality of her acts, see United States v. Mark, 943 F.2d 444, 448 (4th Cir. 1991) (not guilty plea places elements of knowledge and intent into issue), we find that, to the extent Atkins preserved the issue for review, the admission of this evidence was not unduly prejudicial and that its probative value outweighed any prejudice. Id. at 449. Moreover, any prejudice suffered thereby was obviated by the district court's limiting jury instruction. Id. Hence, we find the district court properly exercised its discretion in admitting the April test letter and the open package into evidence. United States v. Bailey, 990 F.2d 119, 122 (4th Cir. 1993); see also United States v. Russell, 971 F.2d 1098, 1104 (4th Cir. 1992) (district court's evidentiary rulings entitled to substantial deference on appeal), cert. denied, 61 U.S.L.W. 3479 (U.S. 1993).
 
 
 6
 Finally, Atkins asserts a general objection to the district court's supplemental instruction responding to a question posed by the jury. However, Atkins forfeited appellate review of this issue by failing to note her objection at trial. United States v. Olano, 61 U.S.L.W. 4421 (U.S. 1993); United States v. Maxton, 940 F.2d 103, 105 (4th Cir.), cert. denied, 60 U.S.L.W. 3343 (U.S. 1991). Notwithstanding this forfeiture, our review of the record demonstrates the court did not abuse its discretion by delivering the supplemental instruction. United States v. Lozano, 839 F.2d 1020, 1024 (4th Cir. 1988).
 
 
 7
 For the reasons stated herein, we affirm Atkins' conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We express no opinion as to whether the April test letters were indeed extrinsic evidence under Rule 404(b). See United States v. Leavitt, 878 F.2d 1329, 1339 (11th Cir.), cert. denied, 493 U.S. 968 (1989) (evidence "inextricably intertwined with the evidence of the charged offense or ... necessary to complete the story of the charged offense" is not extrinsic evidence)