8 F.3d 821
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
David FORTUNE, Defendant-Appellant.
 No. 93-5302.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 15, 1993.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Elizabeth V. Hallanan, District Judge. (CR-90-332)
 Hunt L. Charach, Federal Public Defender, Leonard Kaplan, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.
 Michael W. Carey, United States Attorney, Michael O. Callaghan, Assistant United States Attorney, Charleston, West Virginia, for Appellees.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 David Fortune appeals from an order of the district court revoking his term of supervised release and imposing an eighteen-month sentence. He contends that the district court erred in that it failed to give prior notice that it was considering a departure, and also departed upward on an invalid ground. Finding the lack of notice dispositive, we vacate the sentence and remand for resentencing.
 
 
 2
 Fortune served a twelve-month sentence for distribution of morphine and subsequently violated the conditions of his supervised release by using drugs. The district court deferred ruling on the petition to revoke supervised release to allow Fortune to undergo drug treatment. He completed a thirty-day drug treatment program, but again began drug use, and the district court ultimately revoked his supervised release.
 
 
 3
 The parties agree that Fortune was subject to a mandatory minimum sentence of twelve months pursuant to 18 U.S.C.A. § 3583(g) (West Supp. 1993), and that his guideline range under section 7B1.4,p.s.[1] did not exceed twelve months. 2 However, out of concern for Fortune's intractable drug problem, the district court sentenced him to eighteen months so that he would be eligible for a twelve-month intensive drug treatment program in a federal institution.
 
 
 4
 A defendant is entitled to reasonable notice of a possible upward departure and the ground on which it may be based. Burns v. United States, 59 U.S.L.W. 4625, 4628 (U.S. 1991). Generally, the presentence report provides notice; however, when the district court departs sua sponte, it must give notice to the parties that it is considering a departure and identify the ground for departure, so that they may have the opportunity to comment which is ensured by Fed. R. Crim. P. 32. Id. Failure to provide such notice requires resentencing. United States v. Maxton, 940 F.2d 103, 106 (4th Cir.), cert. denied, 60 U.S.L.W. 3343 (U.S. 1991). In this case, the district court gave no advance warning that it was considering a departure.
 
 
 5
 We therefore vacate the sentence and remand the case for resentencing. If the district court intends to depart again, it should give reasonable notice to the parties. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 SENTENCE VACATED AND REMANDED
 
 
 [1]
 United States Sentencing Commission, Guidelines Manual (Nov. 1992)
 
 
 [2]
 The probation officer treated his violations as Grade B violations, yielding a guideline range of 6-12 months. Fortune asserts that he committed Grade C violations, which would result in a guideline range of 410 months