21 F.3d 425
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis BELLAMY, Defendant-Appellant.
 No. 93-5517.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 22, 1994.
Decided April 13, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Florence. C. Weston Houck, District Judge. (CR-93-55-4-2)
 John H. Hare, Asst. Fed. Public Defender, Columbia, SC, for appellant.
 J. Preston Strom, Jr., U.S. Atty., Alfred W. Bethea, Jr., Asst. U.S. Atty., Florence, SC, for appellee.
 D.S.C.
 AFFIRMED.
 Before MURNAGHAN and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Following his guilty plea to possession of cocaine with intent to distribute, 21 U.S.C. Sec. 841(a)(1) (1988), Dennis Bellamy was sentenced to sixty months in prison. Bellamy appeals his conviction, claiming that the district court improperly denied his motion to suppress evidence seized during a search of his rental car. We find that the district court did not clearly err in ruling that Bellamy voluntarily consented to the search of his car. Consequently, we affirm.
 
 
 2
 In February 1993, Dennis Bellamy rented a car in North Carolina and took it to Florida. On the return trip, a South Carolina highway patrolman pulled the car over when George Holmes was behind the wheel. The patrolman ticketed Holmes for driving under a suspended license and stated that he could have taken Holmes to jail but that he was "letting him go."
 
 
 3
 Next, the officer told Bellamy "I need to talk with you." He remarked that Bellamy and Holmes gave him conflicting stories concerning their trip and that he suspected that "something might be going on." In response to the officer's questions, Bellamy stated that he had nothing illegal in the car. The patrolman then asked Bellamy whether he minded if the officer searched his car. Bellamy consented to the search and the officer found cocaine.
 
 
 4
 A grand jury indicted Bellamy for possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). Bellamy filed a motion to suppress the evidence found pursuant to the search on the ground that his consent to the search was not voluntary. The district court denied the motion, and Bellamy pled guilty, reserving the right to appeal the court's ruling on his suppression motion. The court sentenced Bellamy to sixty months in prison, and Bellamy timely appealed.
 
 
 5
 Where a defendant gives valid consent for a search, he waives his Fourth Amendment rights and the police officer may conduct the search without probable cause or a warrant. Schneckloth v. Bustamonte, 412 U.S. 218, 235 (1973). The voluntary nature of consent is a question of fact to be resolved in light of all the circumstances. United States v. Mendenhall, 446 U.S. 544, 557 (1980). The district court's finding that a defendant voluntarily consented to a search should be upheld unless clearly erroneous. United States v. Gordon, 895 F.2d 932, 938 (4th Cir.), cert. denied, 498 U.S. 846 (1990).
 
 
 6
 Bellamy argues that his consent was coerced because the trooper failed to tell him that he was free to go or that he could refuse to consent to the search. However, the government does not have to show that defendant knew he could refuse permission to search to show voluntary consent. Mendenhall, 446 U.S. at 558; United States v. Gordon, 895 F.2d at 938.
 
 
 7
 He also claims that the officer's statements that he could have taken Holmes to jail and that he "needed" to talk to Bellamy, and his observation that Bellamy's and Holmes' stories conflicted all contributed to an air of coercion. The patrolman did not threaten to jail Holmes if Bellamy refused to consent to a search. We find that his statement that the two suspects' stories conflicted was not so much intended to pressure Bellamy to consent to a search as it was an explanation of why the officer wanted to search the car. Finally, although the patrolman told Bellamy he "needed" to talk to him, he asked permission to search the car. In light of these circumstances, we find that the district court did not clearly err by concluding that Bellamy's consent was voluntary.
 
 
 8
 Although he did not raise this argument in the district court, on appeal Bellamy argues that the patrolman illegally detained him and that this is another factor that rendered his consent involuntary. " 'The rule is well settled that only in exceptional cases will questions, of whatever nature, not raised and properly preserved for review in the trial court, be noted on appeal.' " United States v. Maxton, 940 F.2d 103, 105 (4th Cir.) (quoting Hutchinson v. Fidelity Inv. Ass'n., 106 F.2d 431, 436 (4th Cir.1939)), cert. denied, 60 U.S.L.W. 3343 (U.S.1991). Under Fed.R.Crim.P. 52(b), "plain errors ... affecting substantial rights may be noticed although they were not brought to the attention of the court." This rule allows appellate courts to correct errors only where a miscarriage of justice otherwise would occur. United States v. Young, 470 U.S. 1, 15 (1985). We find that the district court did not plainly err by failing to find that Bellamy's detention was illegal and rendered his consent invalid.
 
 
 9
 For these reasons, we affirm Bellamy's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 10
 AFFIRMED.