25 F.3d 1041
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Trevor Scott FOSTER, Defendant-Appellant.
 No. 93-5540.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 24, 1994.
Decided: June 14, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Frederic N. Smalkin, District Judge. (CR-92-353-S)
 William H. Murphy, Jr., Baltimore, Maryland, for Appellant.
 Lynne A. Battaglia, United States Attorney, Thomas M. DiBiagio, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 Trevor Scott Foster pled guilty to possession of crack cocaine with intent to distribute, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1994), 18 U.S.C. Sec. 2 (1988), and was sentenced to a term of sixty-three months incarceration. He appeals his sentence, contending that the district court clearly erred in enhancing his sentence pursuant to United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1(b)(1) (Nov.1992), because he possessed two firearms during the offense. We affirm.
 
 
 2
 Police searched Foster's apartment under a warrant and found 11.88 grams of crack in his bedroom and two firearms. A rifle was next to Foster's bed and another gun was in the second bedroom. Foster admitted that the crack and the firearms were his. His plea agreement contained a stipulated statement of facts which stated that he had admitted possession of the firearms.
 
 
 3
 In his interview with the probation officer, Foster again admitted to the conduct in the stipulated statement of facts. The probation officer recommended an enhancement for possession of the firearms. Foster made no objection to the enhancement during sentencing, and the district court made the recommended enhancement.
 
 
 4
 Because Foster failed to object to the enhancement in the district court, he has forfeited appellate review of the issue. Only incorrect applications of the guidelines which constitute plain error may be reviewed for the first time on appeal. United States v. Maxton, 940 F.2d 103, 105 (4th Cir.), cert. denied, 60 U.S.L.W. 3343 (U.S.1991). The enhancement applies if a weapon is present unless it is clearly improbable that the weapon was connected with the offense. U.S.S.G. Sec. 2D1.1(b)(1). The enhancement was hardly plain error in this case.
 
 
 5
 We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED