**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MORTON RONALD SETLIFF,
Plaintiff-Appellant,

v.

HENRY COUNTY JAIL; FRANK CASSELL;
PATSY SCEARCE,
Defendants-Appellees.

No. 95-7159

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Glen E. Conrad, Magistrate Judge.
(CA-94-941-R)

Submitted: May 16, 1996

Decided: May 31, 1996

Before RUSSELL, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Morton Ronald Setliff, Appellant Pro Se. William Carrington Thompson, Chatham, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals from the district court's order dismissing his 42 U.S.C. § 1983 (1988) complaint following a bench trial before a magistrate judge.[1] We affirm. Following a review of the record and transcript tapes of the bench trial, we find no reversible error.

Appellant, a state prisoner, asserted that he did not receive proper medical treatment for the care of his amputated leg while he was incarcerated as a pre-trial detainee. Appellant complained of pain and swelling in his leg, combined with problems fitting his prosthesis. Within a week of his initial complaint regarding the pain in his leg, he was seen by an orthopedic specialist. In the following days, Appellant was also seen by the prison physician, a prosthetic specialist and a physical therapist. However, Appellant continued to complain of pain. The Appellee nurse attended to these complaints pursuant to the telephonic instructions from both the orthopedic specialist and the prison physician.

We find that Appellant received prompt attention for his medical complaints. Although the physicians could have requested the Appellant be seen for additional or follow-up examinations, their failure to do so could only amount to negligence.[2] Because the nurse merely followed the physicians' orders, we further find that her actions do not meet the standard of deliberate indifference to Appellant's medical condition and that Appellant's § 1983 action was properly dismissed. See Estelle v. Gamble, 429 U.S. 97 (1976).

Our review of the record revealed that Appellant raised several other medical claims in his § 1983 complaint that he failed to raise at trial despite being given an opportunity to do so. We find that Appellant has effectively waived appellate review of those claims. See United States v. Maxton, 940 F.2d 103, 105 (4th Cir.), cert. denied,

_____

[1] All parties consented to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)(2) (1988).

[2] The Appellant did not assert any claims against the physicians.

2

502 U.S. 949 (1991). Accordingly, for the foregoing reasons, we affirm the dismissal of Appellant's § 1983 action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3