**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 95-5684

RICKY LOFTIN,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-95-603)

Submitted: April 30, 1996

Decided: June 10, 1996

Before WIDENER and HALL, Circuit Judges, and CHAPMAN,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Hare, Assistant Federal Public Defender, Columbia, South
Carolina, for Appellant. J. Preston Strom, Jr., United States Attorney,
Jane B. Taylor, Assistant United States Attorney, John M. Barton,
Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ricky Loftin appeals from the district court's order revoking his supervised release term and sentencing him to the statutory maximum of two years imprisonment. Loftin appeals. Finding that his claims lack merit, we affirm.

The policy statement in United States Sentencing Commission, Guidelines Manual, § 7B1.4(a) (Nov. 1994), provided for a four to ten month prison term for Loftin's supervised release violation. However, under the applicable statute, the district court was authorized to sentence Loftin to a maximum of two years in prison for violating the terms of his supervised release. 18 U.S.C.A. § 3583(e)(3) (West Supp. 1996).

Loftin argues on appeal that the district court failed to consider sufficiently the policy statement before sentencing him above the four to ten month range. When sentencing defendants for supervised release violations, courts must consider various factors including the applicable policy statements issued by the Sentencing Commission. 18 U.S.C.A. § 3553(a)(4), 3583(e) (West Supp. 1996). A sentencing court is not required, however, to impose a sentence within the policy range. United States v. Davis, 53 F.3d 638, 639 n.1 (4th Cir. 1995).

Here, the court advised Loftin about the policy statement and that it was discretionary. The judge told him that he was imposing the statutory maximum sentence because Loftin violated the law while on supervised release and admitted that he did so in part to have his supervised release revoked. Because the judge clearly considered the policy statement and exercised his discretion to sentence Loftin above that range but within the statutory limits, we find that the court did not plainly err by sentencing Loftin to two years in prison.*

_____

*Because Loftin failed to preserve the issues he asserts on appeal, this Court reviews those issues for plain error. United States v. Maxton, 940 F.2d 103, 105 (4th Cir.), cert. denied, 502 U.S. 949 (1991).

2

Loftin also asserts that the district erred by sentencing him above the policy statement range without notice of its intention to do so. Under Fed. R. Crim. P. 32, a defendant must have reasonable prior notice of possible departures from the guideline range and the grounds for upward departure. <u>Burns v. United States</u>, 501 U.S. 129, 138 (1991). However, this Court does not consider a sentence which falls outside the advisory policy statements to be a departure. <u>Davis</u>, 53 F.3d at 642 n.15. Thus, Loftin was not entitled to notice that his sentence would exceed the policy statement range.

For these reasons, we affirm Loftin's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

<u>AFFIRMED</u>