UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5410

AARON LAMONT BARNES,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-94-80)

Submitted: November 15, 1995

Decided: June 14, 1996

Before WILKINSON, Chief Judge, and WILKINS and
WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Cary B. Bowen, BOWEN & BOWEN, P.C., Richmond, Virginia, for
Appellant. Helen F. Fahey, United States Attorney, Nicholas S. Alti-
mari, Assistant United States Attorney, Richmond, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following a bench trial, Aaron Lamont Barnes was convicted on one count of possession with intent to distribute crack cocaine. 21 U.S.C.A. § 841 (West 1981 & Supp. 1995). Barnes appeals his conviction arguing that the evidence was insufficient to support his conviction. In his motion for leave to file a pro se supplemental brief, Barnes contends that the admission of a statement he allegedly made was improper and the statement should have been excluded on the grounds of unfair prejudice and surprise. We grant Barnes's motion to file a supplemental brief and affirm.

Two Virginia State Troopers stopped a green van on suspicion that the operator was driving while under the influence of alcohol. The driver was the only occupant of the van. His eyes were glassy and he smelled of alcohol. He identified himself as Danny Lee Watts and stated that he had no identification with him and that he did not own the van. The van had temporary tags issued by the Virginia Department of Motor Vehicles to Aaron Lamont Barnes. Only after his arrest, the driver admitted that he was Aaron Barnes and that he owned the van.

A pat-down search resulted in more than $1000 in cash being removed from Barnes's pockets. A consensual search of the van uncovered a total of 62.64 grams of crack secreted in several locations in the van and in a case attached to the key chain holding the ignition key.

Both officers testified that while they were taking precautions to prevent Barnes from escaping, Barnes commented that it was a lot of hassle to go through for sixty-some grams of crack. At the time Barnes made this statement, the officers did not know and had not indicated to Barnes how much crack had been discovered in the van.

2

Neither officer had memorialized this statement in his report, having forgotten it until just prior to trial.

In addition to the crack cocaine and the large sum of money, the officers found in the van: an electronic scale on which was found cocaine residue, a cellular phone, and an electronic calendar and memo book containing telephone numbers. Barnes had on his person a digital pager. Detective John Riani, an expert witness in the field of narcotic investigations, described how each of these items could be used to facilitate the distribution of illegal drugs while minimizing the risk of detection. Riani also testified that the quantity of drugs and the packaging was consistent with crack cocaine that is to be distributed, rather than for personal use. That the crack was intended for distribution was further supported by the absence of a pipe or other means of ingesting the crack cocaine.

After hearing this evidence, the district court found Barnes guilty of possession of the crack cocaine with intent to distribute it. The court expressly found Barnes's testimony incredible and the officers' testimony credible.

This court reviews sufficiency of the evidence deferentially, determining whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found guilt beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Giunta, 925 F.2d 758, 764 (4th Cir. 1991). This standard is not altered by the fact that, in this case, the trier of fact was a judge, and not a jury. See Jackson v. Virginia, 443 U.S. 307, 317 n.8 (1979).

To sustain Barnes's conviction for possession with intent to distribute, the government had to prove that Barnes knowingly possessed a controlled substance with the intent to distribute it. See 21 U.S.C.A. § 841(a)(1). We find that all of the elements were proven by the government. See In re Winship, 397 U.S. 358, 364 (1970).

Barnes stipulated that the substance found in the van was crack cocaine, a controlled substance. The government presented sufficient evidence from which the court could find that Barnes intended to distribute the crack. As Detective Riani testified, the quantity of crack

3

cocaine discovered in the van by far exceeded the amount that a typical user would possess. Further, the large sum of cash found on Barnes, the cellular phone, digital pager, electronic scales, and electronic calendar and memo book are all items commonly used by drug dealers to facilitate distribution and minimize the possibility of detection.

Barnes's knowing possession of the controlled substance is evidenced by the registration of the van in Barnes's name, Barnes's operation of the van in which the crack was located, and Barnes's comment referring to sixty grams of narcotics at a time when the officers did not and could not know the weight of the crack. Barnes denied making the statement about the quantity of drugs, denied ownership of the van, and denied knowledge of the contents of the van. However, the district court expressed its disbelief of Barnes's story and found the officers' testimony credible. Because this case revolves on the credibility of the witnesses, we must defer to the district court and affirm the conviction unless the court's fact finding is clearly erroneous. Fed. R. Civ. P. 52(a); see Anderson v. Bessemer City, 470 U.S. 564, 573-74 (1985). Finding no clear error in the district court's determination that Barnes's story was incredible and that the officers were credible, we defer to the district court's finding that Barnes knowingly possessed the crack cocaine found in the van.

In his motion for leave to file a supplemental brief, Barnes challenges the district court's admission into evidence of Barnes's statement about the quantity of drugs found in the van. However, Barnes failed to object to the statement or otherwise raise these issues in the district court, see United States v. Maxton, 940 F.2d 103, 105 (4th Cir.), cert. denied, 502 U.S. 949 (1991), and we find no abuse of discretion in the admission of the statement. See United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993), cert. denied, 62 U.S.L.W. 3640 (U.S. 1994).

Because the government presented sufficient evidence from which the district court could find Barnes guilty of possession of crack cocaine with the intent to distribute, we affirm Barnes's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4