**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

CHRISTOPHER O. OLASEINDA, a/k/a
Christopher Oshuntoki, a/k/a
Christopher Akintayo, a/k/a
Christopher Olaseide, a/k/a
Christopher Olatunji, a/k/a Thomas
Cuda, a/k/a Abdul Kareem, a/k/a

Akintayo Ajibike, a/k/a Ajibike Ade
Akintayo, a/k/a Timothy Anderson,
a/k/a George Bunham, a/k/a XX
Olase, a/k/a Leon Rodriques, a/k/a
Oluwule Oshuntoki, a/k/a
Gbadegesin Adeloye, a/k/a Ajibike
Akintaya, a/k/a David Johnson,
a/k/a Henry Thomas, a/k/a Adetunji
Ajibike, a/k/a Awosika Olubiyi,
Defendant-Appellant.

No. 96-4576

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-96-47)

Submitted: May 6, 1997

Decided: May 15, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Beth M. Farber, Branch Chief, Greenbelt, Maryland, for Appellant. Helen F. Fahey, United States Attorney, Robert A. Spencer, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Christopher O. Olaseinda was convicted by a jury of five counts of credit card fraud, 18 U.S.C.A. § 1029(a)(1) (West Supp. 1997). He was sentenced to a term of 30 months incarceration. Olaseinda appeals his conviction, alleging that he was denied a fair trial because the district court failed to dismiss the entire jury venire or to poll the venire about the effect on each of them of a prospective juror's comment during voir dire. Olaseinda also appeals his sentence on the ground that the district court erred in departing above the guideline range pursuant to USSG § 4A1.3* without giving him reasonable notice. We affirm the conviction but vacate the sentence and remand for resentencing.

Before empaneling the jury, the district court conducted a thorough inquiry of the prospective jurors to determine whether any of them had prior experiences which would make it difficult to decide the case

_____

*United States Sentencing Commission, Guidelines Manual (Nov. 1995).

2

impartially. One of the prospective jurors, Ms. Cain, had been a juror in three previous trials. When the court asked whether her experiences as a juror would affect her ability to be impartial, she answered yes, and said she felt "that if someone has gotten this far there's probably enough evidence to convict them." The district court responded that every juror must follow the court's "very strong instruction . . . that a defendant begins a criminal trial with a clean slate."

At the end of the voir dire, the district court asked whether the attorneys wanted any other questions asked; none were requested. After the district court struck Ms. Cain for cause, Olaseinda's attorney asked for a new jury panel. The court denied the motion. Before trial began, the court instructed the jury at some length that the defendant was presumed innocent and that the government had the burden of proving guilt beyond a reasonable doubt.

Olaseinda contends that the court failed to ensure that no members of the jury were prejudiced against him by Ms. Cain's comment. He argues that the court should have either struck the entire venire or questioned the prospective jurors about the effect of Ms. Cain's comment. We find that Olaseinda's right to a fair trial was adequately protected. The district court properly questioned and instructed the prospective jurors. The decision not to ask additional questions after Ms. Cain's comment and not to dismiss the jury venire was within the court's discretion. See United States v. Tegzes , 715 F.2d 505, 507 (11th Cir. 1983).

Following Olaseinda's conviction, the probation officer calculated his guideline range as 18-24 months and made no recommendation concerning a departure. At the sentencing hearing, the government recommended a sentence at the top of the range, but did not ask for a departure. The district court, however, departed upward from criminal history category III to category IV and imposed a sentence of 30 months, the top of the new guideline range.

In Burns v. United States, 501 U.S. 129, 138 (1991), the Supreme Court held that a sentencing court may not depart upward for a reason not identified in the presentence report or a government motion as a possible ground for departure without first giving the defendant reasonable notice that it is considering departure on that specific ground.

3

See also United States v. Maddox, 48 F.3d 791, 799 (4th Cir. 1995); United States v. Maxton, 940 F.2d 103, 106 (4th Cir. 1991). Because Olaseinda received no notice of a possible departure, Burns requires that he be resentenced.

We therefore affirm Olaseinda's conviction, but vacate his sentence and remand for resentencing. On remand, if the district court again wishes to depart, it should give the parties reasonable notice that it is considering a departure and the ground on which it may depart. We express no view on the propriety of a departure. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART AND
VACATED AND REMANDED IN PART

4