**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                     No. 96-4404

GEORGE EDWARD JONES,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-95-179)

Submitted: May 6, 1997

Decided: May 22, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Brenda Craig Ellis, Charleston, West Virginia, for Appellant. Rebecca
A. Betts, United States Attorney, Susan M. Arnold, Assistant United
States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

George Edward Jones pled guilty to mail fraud, 18 U.S.C. § 1341 (1994), and false representation of a Social Security number, 42 U.S.C.A. § 408(a)(7)(B) (West Supp. 1997). The district court calculated an offense level of 15 and determined that Jones' nine criminal history points placed him in category IV, producing a sentencing range of 30-37 months.* Finding that category IV was inadequate, the court sua sponte departed upward to criminal history category VI although neither the probation officer nor the government had suggested that a departure would be appropriate. After establishing a new sentencing range of 41-51 months, the court imposed a sentence of 51 months. Jones appeals this sentence, contending that the district court erred in departing without giving him adequate notice and that the departure was not justified. We vacate the sentence and remand for resentencing.

In Burns v. United States, 501 U.S. 129, 138 (1991), the Supreme Court held that a sentencing court may not depart upward for a reason not identified in the presentence report or a government motion as a possible ground for departure without first giving the defendant reasonable notice that it is considering departure on that specific ground. See also United States v. Maddox, 48 F.3d 791, 799 (4th Cir. 1995); United States v. Maxton, 940 F.2d 103, 106 (4th Cir. 1991). Because Jones received no notice of a possible departure, Burns requires that he be resentenced.

Accordingly, we vacate the sentence and remand for resentencing. We express no opinion on the merits of the departure. Should the district court again wish to depart, it must give the parties reasonable advance notice that it may depart and the grounds for the departure being considered. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

_____

*United States Sentencing Commission, Guidelines Manual, § 5A (Nov. 1995).