**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4883

DIANE DURHAM ALL,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Jackson L. Kiser, Senior District Judge.
(CR-96-55-R)

Submitted: September 30, 1997

Decided: November 18, 1997

Before WILKINS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Dorothy P. Dillon, Rocky Mount, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Jennie L.M. Waering, Assistant
United States Attorney, Thomas E. Booth, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Diane Durham All pled guilty to bank fraud, 18 U.S.C. § 1344 (1994), and was sentenced to a term of thirty-six months imprisonment. All appeals her sentence, contending that the district court abused its discretion in departing upward for property damage or loss, USSG § 5K2.5, p.s.,* and extreme conduct, USSG§ 5K2.8. Because the district court departed without giving reasonable notice of its intention to depart, we vacate the sentence and remand for resentencing.

Between 1988 and 1995, All handled her adoptive parents' financial affairs. During this time, she used approximately $35,000 for their benefit and converted $133,681 to her own use. In her plea agreement, All stipulated to the amount of loss, see USSG § 2F1.1(b)(1)(H), and agreed that more than minimal planning was involved, see USSG § 2F1.1(b)(2). The probation officer also recommended an adjustment for vulnerable victim, see  USSG § 3A1.1, and a reduction for acceptance of responsibility, see USSG § 3E1.1. All's offense level was 14 and she was in criminal history category I. The resulting guideline range was 15-21 months. Although the commentary to USSG § 2F1.1 encourages an upward departure in certain circumstances, see USSG § 2F1.1, comment. (n.10), neither the probation officer nor the government suggested that a departure might be warranted.

However, at the beginning of the sentencing hearing, the district court announced that it was considering an upward departure "because of the victims' precarious situation, their age, [and] the fact that this was their retirement money." After All's attorney argued that a

_____

*U.S. Sentencing Guidelines Manual (1995). All was sentenced in November 1996.

2

departure was not warranted because the vulnerable victim adjustment took these factors into account, the district court found that the vulnerable victim adjustment was not sufficient and departed upward. The court relied on USSG § 5K2.8 (Extreme Conduct), noting the long-term effects of All's conduct, which had caused pain to her parents and destroyed their life savings. The court also relied on USSG § 5K2.8 (Property Damage and Loss), finding that the offense caused property damage or loss not taken into account under the guidelines. The court departed upward to a sentence of 36 months.

In <u>Burns v. United States</u>, 501 U.S. 129, 138 (1991), the Supreme Court held that a sentencing court may not depart upward for a reason not identified in the presentence report or a government departure motion without first giving the defendant reasonable notice that it is considering departure on that specific ground. <u>See also United States v. Maddox</u>, 48 F.3d 791, 799 (4th Cir. 1995); <u>United States v. Maxton</u>, 940 F.2d 103, 106 (4th Cir. 1991). All did not receive notice that the court was considering a departure until the sentencing hearing. Moreover, the court's general statement at the beginning of the hearing did not alert her attorney to the specific grounds on which the court ultimately departed. She was thus deprived of the opportunity to prepare an argument on the issue.

Because All has not complained of the lack of notice in her appeal, our review is under the plain error standard. Fed. R. Crim. P. 52(b). Plain error occurs when (1) there is an error, (2) that is plain under current law, (3) that affects substantial rights, i.e., is prejudicial to the defendant, (4) and that seriously affects the fairness, integrity, or public reputation of judicial proceedings. <u>See Johnson v. United States</u>, ___ U.S. ___, 65 U.S.L.W. 4305, 4307 (U.S. May 12, 1997) (No. 96-203). We find that All was prejudiced by the court's departure without reasonable notice and that the procedure, clearly prohibited under <u>Burns</u>, requires resentencing.

We therefore vacate the sentence and remand for resentencing. We express no opinion on the merits of the departure. If the district court decides to depart, it should give the parties reasonable advance notice that it may depart and the grounds for the departure being considered. We dispense with oral argument because the facts and legal conten-

3

tions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4