**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.                                                   No. 00-4907

PERNELL PARKER,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Andre M. Davis, District Judge.
(CR-99-425)

Submitted: October 17, 2001

Decided: December 10, 2001

Before WILKINS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas J. Saunders, Baltimore, Maryland; Christopher M. Davis, DAVIS & DAVIS, Washington, D.C., for Appellant. Stephen M. Schenning, United States Attorney, Bonnie S. Greenberg, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Pernell Parker appeals his conviction for mailing a threatening
communication, in violation of 18 U.S.C.A. § 876 (West 2000). Par-
ker first asserts that he was denied the right to represent himself
despite repeated requests to do so. We conclude that the district court
acted properly in referring Parker for a competence examination,
based on both the motion of Parker's counsel and the district court's
own observations. Competence in the context of waiver of counsel is
coextensive with competence to stand trial. *Godinez v. Moran*, 509
U.S. 389, 399 (1993). Once Parker was found to be competent, he
made no clear and unequivocal assertion of his right to represent him-
self. *See United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir.),
*cert. denied*, 531 U.S. 994 (2000). Therefore, we find no error in the
district court's decision to continue the proceeding with Parker repre-
sented by appointed counsel.

We also reject Parker's challenge to the jury instruction regarding
the proof necessary to sustain a conviction under § 876. In *United
States v. Maxton*, 940 F.2d 103, 106 (4th Cir. 1991), we held that a
defendant must have a general intent to threaten at the time of mail-
ing. A general intent to threaten requires that the government "estab-
lish that the defendant intended to transmit the interstate
communication and that the communication contained a true threat."
*United States v. Darby*, 37 F.3d 1059, 1066 (4th Cir. 1994). The jury
charge complied with our holdings in *Maxton* and *Darby*, and we
decline Parker's invitation to reconsider that decision to require proof
of a specific intent to threaten.

Finally, Parker asserts that he was denied his rights under the
Speedy Trial Act, 18 U.S.C.A. § 3161 (West 2000) (the Act). Even
if we were to concede Parker's argument concerning transportation
time under § 3161(h)(1)(H), the trial was within the allotted period

under other exclusions provided for in the Act. Therefore, Parker is entitled to no relief on this claim.

We affirm Parker's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*