<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 06-4559**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TIMOTHY G. CRAIG, a/k/a Boot,

Defendant - Appellant,

versus

GIGGIES BONDING COMPANY; ANNIE BLACKMON; ALL
OUT BAIL BONDING; ACE BONDING; HORACE GLENN,
JR.; LISA CLINE,

Parties in Interest.

_____

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., District
Judge.  (6:02-cr-01358-HMH)

_____

Submitted:  August 10, 2007       Decided:  November 8, 2007

_____

Before WILKINSON, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

W. Gaston Fairey, W. GASTON FAIREY, LLC, Columbia, South Carolina,
for Appellant. Reginald I. Lloyd, United States Attorney, Regan A.

Pendleton, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy G. Craig appeals his conviction for conspiracy to possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2000). He argues that there was insufficient evidence to support the conclusion that his drug distribution was part of the charged conspiracy and that the district court erred in limiting cross-examination of a Government witness about pending charges. Finding no error, we affirm.

Craig alleges that the Government did not prove that his sale of crack cocaine was part of the conspiracy alleged in the indictment or that he knowingly and voluntarily joined the conspiracy. Craig argues that there is no evidence of interdependence among the co-conspirators and limited testimony to infer knowledge and participation in the conspiracy.

This court reviews the denial of a Rule 29 motion de novo. United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). This court "ha[s] defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" Alerre, 430 F.3d at 693 (quoting

United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996)).  This court "must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be established."  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).  This court "may not weigh the evidence or review the credibility of the witnesses."  United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).

To sustain a conviction for conspiracy to possess cocaine base with intent to distribute under 21 U.S.C. § 846, the Government must prove that (1) an agreement to possess cocaine base with intent to distribute existed between two persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became part of the conspiracy.  United States v. Wilson, 135 F.3d 291, 306 (4th Cir. 1998).  We conclude that the evidence was sufficient to sustain the conviction.  In addition, Craig's arguments regarding the credibility of the Government witnesses, including their statements and previous testimony that did not mention Craig, may not be reviewed by the court.  See Wilson, 118 F.3d at 234.

Next, Craig contends that the district court improperly limited his cross-examination of John Rogers in relation to whether he had pending criminal charges.  Craig did not object to the ruling in the district court; therefore, review is for plain error.

See <u>United States v. Maxton</u>, 940 F.2d 103, 105 (4th Cir. 1991). Craig argues that his questioning regarding pending charges was relevant to truthfulness, bias, and prejudice. He contends that the court mistakenly believed he was attempting to introduce pending charges as impeachment evidence. Craig received the opportunity on cross-examination to explore many issues related to truthfulness, bias, and prejudice. Rogers testified on direct examination that he did not have any pending charges. Craig does not present any evidence that Rogers indeed had a pending charge at the time of the trial, and thus cannot establish prejudicial error. The district court's ruling was within the scope of its discretion. See <u>United States v. Ambers</u>, 85 F.3d 173, 177 (4th Cir. 1996) (upholding limitation on defendant's cross-examination of government witness where trial court allowed "abundant opportunity to explore the motivation of the Government witnesses testifying.").

We therefore affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>