Vacated by Supreme Court, January 24, 2005

**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

JOHN WILLIAM LOFLIN,
          *Defendant-Appellant.*

No. 02-4619

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., District Judge.
(CR-02-5)

Submitted: August 26, 2003

Decided: March 29, 2004

Before WILKINSON, LUTTIG, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Patricia A. Kurelac, Moundsville, West Virginia, for Appellant.
Thomas E. Johnston, United States Attorney, Shawn Angus Morgan,
Robert H. McWilliams, Jr., Assistant United States Attorneys, Clarks-
burg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

John William Loflin appeals his convictions for traveling in interstate commerce to engage in a sexual act with a juvenile, in violation of 18 U.S.C. § 2423(b) (2000), Counts One, Three and Five, and his convictions of transporting a minor in interstate commerce with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a) (2000), Counts Two, Four and Six. Loflin received a 144-month sentence of imprisonment.

On appeal, Loflin raises five issues: (1) the district court erroneously sentenced him; (2) the Government engaged in prosecutorial misconduct; (3) the Government's failure to DNA test a pair of pants and provide him with a "mirror" copy of computer hard drive evidence was prejudicial error; (4) the district court erred by failing to conduct a jury inquiry following the dismissal of a juror; and (5) the Government failed to prove venue on two counts was proper in the Northern District of West Virginia. For the reasons that follow, we affirm.

First, we do not find that the district court clearly erred in sentencing Loflin. *See United States v. Daughtrey*, 874 F.2d 213, 218 (4th Cir. 1989) (providing review standard). The court properly enhanced Loflin's sentence for undue influence over the victim, here a thirteen-year-old girl, under *U.S. Sentencing Guidelines Manual* ("USSG") § 2A3.2(b)(2)(B) (2000), for use of a computer to entice the victim under USSG § 2A3.2(b)(3), and for obstructing and impeding the administration of justice by perjuring himself at trial under USSG § 3C1.1. *See United States v. Dunnigan*, 507 U.S. 87, 95 (1993) (holding that defendant who commits perjury qualifies for an obstruction of justice enhancement).

Second, Loflin alleges three instances of prosecutorial misconduct, which he concedes this court reviews for plain error, as he did not make a timely objection thereto in the district court. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 734 (1993) (discuss-

ing elements of plain error). We have reviewed the record and the parties' arguments and find no plain error.

Third, Loflin alleges that his due process rights were violated because the Federal Bureau of Investigation did not have a pair of gray sweatpants tested for the presence of his DNA and because he did not receive a "mirror" copy of the victim's computer hard drive. Loflin provides no relevant authority to support his allegation that the Government's above-described conduct constitutes a violation of his due process rights. We agree with the Government that there was no violation of *Brady v. Maryland*, 373 U.S. 83 (1963), regarding the sweatpants and that Loflin has failed to show plain error regarding the hard drive. *See United States v. Maxton*, 940 F.2d 103, 105 (4th Cir. 1991) (noting that failure to object at trial to evidence precludes a defendant from raising the issue on appeal, absent plain error). Thus, this claim also lacks merit.

Next, we do not find that the district court committed reversible error when it failed to conduct an inquiry into possible jury bias following the dismissal of juror Thomas Vogler. We find that *United States v. Davis*, 177 F.3d 552 (6th Cir. 1999), is factually distinguishable from the instant case and not binding on this court in any event. We have held that a trial judge may decline to question a jury where there is no substantial reason to fear prejudice. *United States v. Jones*, 542 F.2d 186, 194-95 (4th Cir. 1976); *United States v. Hankish*, 502 F.2d 71, 77 (4th Cir. 1974). Accordingly, this claim fails.

Loflin styles his final issue on appeal as an allegation of insufficient evidence to support his convictions for Counts Five and Six. In his brief, however, Loflin actually argues that the Government failed to show venue was proper for these convictions. Loflin's own testimony at trial reveals that the Government met its burden of showing that venue was proper in the Northern District of West Virginia. *See United States v. Wilson*, 262 F.3d 305, 320 (4th Cir. 2001), *cert. denied*, 535 U.S. 1053 (2002) (noting that if timely challenged, the Government must show venue is proper by a preponderance of the evidence).

Accordingly, we affirm Loflin's convictions and sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*